# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF GEORGIA
# VALDOSTA DIVISION

| | |
|---|---|
| GERALD THERONE LAWSON, | : |
| Petitioner, | : |
| v. | : CASE NO.: 7:23-CV-90 (WLS) |
| | : CASE NO.: 7:18-CR-52 (WLS) |
| UNITED STATES OF AMERICA, | : |
| Respondent. | : |

## ORDER

Before the Court is a Recommendation (Doc. 139) from United States Magistrate Judge Thomas Q. Langstaff, entered on September 30, 2024. Therein, Magistrate Judge Langstaff recommends that the Court deny Petitioner Gerald Lawson's ("Petitioner") Motion to Vacate, Set Aside, or Correct Sentence (Doc. 133) ("the Motion") as the ground asserted in the Motion does not provide a basis for this Court to vacate Petitioner's conviction or sentence. (Doc. 139). Specifically, Magistrate Judge Langstaff found that (1) Petitioner waived the right to collaterally attack his conviction and sentence when he entered into a plea agreement with the Government, and this waiver applies to Petitioner's claim that his conviction under 18 U.S.C. § 922(g) is unconstitutional, (*id.* at 4); and (2) Petitioner is procedurally barred from raising the claim that his conviction under § 922(g) is unconstitutional, and Petitioner has failed to make the requisite showings to overcome this procedural default, (*id.* at 4–5).

Petitioner filed his Motion to Vacate (Doc. 133) on November 1, 2023. The Government filed a Response (Doc. 136) to the Motion on January 25, 2024. As noted, Magistrate Judge Langstaff entered the instant Recommendation on September 30, 2024. Both the Recommendation and 28 U.S.C. § 636(b)(1) provided the parties with fourteen days to file an objection. (Doc. 139 at 5). A review of the Docket, however, shows that the Recommendation mailed to Petitioner on October 1, 2024, was returned as undeliverable on October 23, 2024, reflecting that Petitioner was no longer housed at the correctional institution on file with the Clerk. (*See* Doc. 140). An inmate search on the Bureau of Prisons

1

website revealed Petitioner's current location, and a copy of the Recommendation was mailed to him at that address on December 16, 2024. More than fourteen days have elapsed since Petitioner's receipt of the Recommendation, and neither party has filed an objection. As such, the Recommendation is ripe for review.

In the absence of objections, the Court reviews the Recommendation for plain error and manifest injustice. *See United States v. Aponte*, 461 F. App'x 828, 830 n.2 (11th Cir. 2012). Upon full review and consideration of the Record, the Court finds neither plain error nor manifest injustice in Magistrate Judge Langstaff's Recommendation. The Recommendation (Doc. 139) is thus **ACCEPTED**, **ADOPTED**, and made the Order of this Court, for reason of the findings made and reasons stated therein.

As a result, Petitioner's Motion to Vacate, Set Aside, or Correct Sentence (Doc. 133) is **DENIED**. Furthermore, Petitioner failed to file an objection to Magistrate Judge Langstaff's Recommendation of the denial of a certificate of appealability. After reviewing the Record, the Court finds that Petitioner has not made a substantial showing of a denial of a constitutional right as required by 28 U.S.C. § 2253(c)(2). Therefore, the Court agrees with Magistrate Judge Langstaff's Recommendation and **DENIES** Petitioner a certificate of appealability.

**SO ORDERED**, this 24th day of January 2025.

                                            **/s/ W. Louis Sands**
                                            **W. LOUIS SANDS, SR. JUDGE**
                                            **UNITED STATES DISTRICT COURT**